UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

PAUL C RYAN,

        Plaintiff,

   v.

MICHAEL J ASTRUE,

        Defendant.
_____/

No. C 11-00850 LB

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

Plaintiff filed this action in February 2011 seeking judicial review of a decision by Michael Astrue, the Commissioner of Social Security. *See* Complaint, ECF No. 1. All parties consented to the undersigned's jurisdiction and Defendant answered the complaint. *See* Consent (Plt.), ECF No. 5; Consent (Def.), ECF No. 8; Answer, ECF No. 12. On December 22, 2011, the court extended the time for Plaintiff to file a motion for summary judgment until March 16, 2012. *See* Stipulation and Order, ECF No. 17.

Since then, this action has come to a standstill. *See generally* Docket. The deadlines for this social security appeal also have passed. *See* Social Security Procedural Order, ECF No. 2. On January 8, 2013, the court ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute. *See* Order to Show Cause, ECF No. 19. The court ordered Plaintiff to file a written response no later than Thursday, January 17, 2013 and set a show cause hearing for February 7, 2013. *Id.* Plaintiff did not file a written response, despite the court's order. Nonetheless, the court issued a second order to show cause why this case should not be dismissed for failure to

C 11-00850 LB (ORDER DISMISSING CASE)

prosecute. *See* Second Order to Show Cause, ECF No. 20. The court ordered Plaintiff to file a written response by January 31, 2013. *Id.* Plaintiff again failed to respond. On February 21, 2013, the court held a show cause hearing on the Second Order to Show Cause, and Plaintiff failed to appear.

A court may dismiss an action, without prejudice, based on a party's failure to prosecute an action. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court weighs the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61); *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995). These factors are a guide and "are 'not a series of conditions precedent before the judge can do anything.'" *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal, . . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Ferdik*, 963 F.2d at 1263).

Here, four factors favor support dismissal. This litigation has ground to a halt, and Plaintiff is not responsive to the court's orders. This certainly is not "expeditious," and the court must keep the cases on its docket moving. There also is no risk of prejudice to the remaining defendants, and the court already tried to move this case along by issuing two orders to show cause, but Plaintiff never responded to them.

In sum, the court concludes that four of the five relevant factors weigh in favor of dismissal. Accordingly, the court dismisses this action without prejudice for failure to prosecute.

**IT IS SO ORDERED.**

Dated: February 21, 2013

_____
LAUREL BEELER
United States Magistrate Judge

C 11-00850 LB (ORDER DISMISSING CASE)
2